UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLYNN JONES,

                      Plaintiff,

        - *against* -

DR. SUPPLE, ET AL.,

                     Defendants.

14 Civ. 2044 (NSR) (PED)

**REPORT AND RECOMMENDATION**

---

TO:    THE HONORABLE NELSON STEPHEN ROMÁN
         UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

On March 10, 2014, Plaintiff Glynn Jones brought this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that medical staff at the Fishkill Correctional Facility were deliberately indifferent to his serious medical needs. Although Plaintiff submitted a series of change-of-address forms and otherwise participated in this case in 2014 and 2015, he dropped out of sight after July 2015, and he has not responded to an Order to Show Cause warning him that the case would be dismissed if he failed to comply. For the reasons set forth below, I respectfully recommend that this petition be **DISMISSED** for failure to prosecute.[1]

## II. BACKGROUND

Plaintiff provided an address in Brooklyn, New York, when he filed his *pro se* complaint in March 2014. [Dkt. 2.] On June 6, 2014, your Honor entered an Order of Service which, *inter alia*, specifically cautioned that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." [Dkt. 5.]

---

[1] This matter comes before me pursuant to an Order of Reference dated March 11, 2016 [Dkt. 36.]

Your Honor conducted a pre-motion conference in this matter on November 12, 2014, and plaintiff failed to appear. However, on or about January 7, 2015, plaintiff submitted a change-of-address form reporting a new address in Houston, Texas. [Dkt. 17.] Plaintiff corresponded with the Court in early 2015 [Dkts. 19, 20], then submitted a second change-of-address form on or about May 14, 2015, reporting the following address: 30000 FM 2978 Rd., Apt. 615, Magnolia, TX, 77354. On or about June 18, 2015, a person identified only as "Ms. Marilyn Berrios on behalf of Plaintiff Glynn Jones" submitted a memorandum in opposition to defendants' motion to dismiss; the memorandum appears to have been signed by plaintiff at Magnolia, Texas. Based on my review of the docket, this was plaintiff's last communication with the Court.

On January 13, 2016, your Honor entered an Opinion and Order granting in part and denying in part defendants' motion to dismiss. On March 11, 2016, your Honor conducted an initial pretrial conference in the matter, and plaintiff failed to appear. Your Honor nonetheless entered a Civil Case Discovery Plan and Scheduling Order and referred the case to the undersigned for pretrial supervision. [Dkts. 35, 36.]

I scheduled a conference for April 22, 2016, entering an Amended Scheduling Order which delegated to defense counsel the obligation to arrange for plaintiff's telephonic appearance. [Dkt. 38.] On April 18, 2016, defense counsel notified the Court that, despite letters sent to plaintiff's two most recent reported addresses, she had been unable to secure plaintiff's telephone number. [Dkt. 39.] Plaintiff did not appear for or contact the Court in connection with the April 22 conference, and in plaintiff's absence defense counsel advised the Court that she had had no recent contact with plaintiff.

On April 25, 2016, I issued an Order to Show Cause with regard to plaintiff's failure to

appear for the April 22 conference or otherwise prosecute his case.[2] [Dkt. 40.] The Order to Show Cause directed plaintiff to write to the Court no later than May 13, 2016 to: (1) explain his failure to provide his telephone number to defense counsel in advance of this morning's teleconference and/or to appear via telephone at the scheduled teleconference; and (2) show cause why his case should not be dismissed for failure to prosecute. Id. The Order to Show Cause concluded with the following warning:

> **IF PLAINTIFF DOES NOT COMPLY WITH THIS ORDER, THE UNDERSIGNED WILL RECOMMEND TO JUDGE ROMAN (VIA REPORT AND RECOMMENDATION) THAT HE DISMISS PLAINTIFF'S CASE FOR FAILURE TO PROSECUTE.**

Id. The Order to Show Cause was mailed to plaintiff at the Magnolia, Texas address he had provided in May 2015.

Plaintiff did not respond to the Order to Show Cause by May 13, 2016, or on any date thereafter. However, because chambers staff received information indicating that plaintiff might reside at a similar (but slightly different) address in Magnolia, Texas, on June 8, 2016 the Court entered an Order extending plaintiff's time to respond until June 24, 2016, and directed that a copy of the Order to Show Cause, as well as the June 8 Order, be mailed to plaintiff at both his reported Magnolia, Texas address, as well as the alternative address obtained by chambers. [Dkt. 41.] Plaintiff has not responded.[3]

### III. DISCUSSION

---

[2] Before the Order to Show Cause was issued, chambers contacted the court's Office for Pro Se Litigation to request their assistance in locating plaintiff via a database check. The Pro Se Office was unable to find an updated address for plaintiff.

[3] The docket reflects that the most recent mailing to plaintiff's reported Magnolia, Texas address was returned as undeliverable.

The Supreme Court has long recognized the "inherent power" of a District Court to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). This authority, which is necessary to permit the "orderly and expeditious disposition of cases," id. at 631, is now codified in the Federal Rules of Civil Procedure. The rules permit the Court, upon motion of the defendant, to involuntarily dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." Rule 41(b), Fed. R. Civ. P. Although the text of Rule 41(b) "expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link, 370 U.S. at 630).

To determine whether dismissal for failure to prosecute is warranted, the Court must examine five criteria, specifically, whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Sys United States *ex rel.* Drake v. Norden ., Inc., 375 F.3d 248, 254 (2d Cir. 2004). However, "[n]o one factor is dispositive," and the ultimate decision of whether to dismiss should be made "in light of the record as a whole." Id.

Here, the first factor weighs in favor of dismissal because plaintiff has not had any contact with the Court for a full year. The case is at a standstill because discovery cannot proceed without plaintiff's participation. As to the second factor, the Court has attempted to warn plaintiff and has no further means of giving plaintiff notice. "[A]s this Court has no current

address for [plaintiff], any attempt to further warn [plaintiff] of [his] responsibilities and the consequences of [his] continued failure to prosecute this action would be futile." Lukensow v. Harley Cars, 124 F.R.D. 64, 66 (S.D.N.Y. 1989). The third factor also weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). As to the fourth factor, relating to docket management, "[i]t is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that [Petitioner] will reappear in the future." Davison v. Grillo, No. 05 Civ. 4960 (NG), 2006 U.S. Dist. LEXIS 99587 at *2 (E.D.N.Y. 2006). Finally, as to the fifth factor, I find that "no lesser sanction is appropriate" since plaintiff "has made no effort to process the case" over the past year. McCorkle v. Sarter, No. 04 Civ. 4500(JFB), 2006 WL 234041, at *3 (E.D.N.Y. Aug. 9, 2006). Indeed, it appears that "no lesser sanction would be effective, since [plaintiff] would be unaware that any sanction had been imposed." Lewis v. Power, 2007 U.S. Dist. LEXIS 3363, at *4 (W.D.N.Y. 2007).

The duty to inform the Court and defendants of any change of address is "an obligation that rests with all *pro se* plaintiffs." Handlin v. Garvey, 1996 WL 673823, at * 5 (S.D.N.Y. 1996). Plaintiff has failed to comply with this obligation and indeed appears to have abandoned this action. Accordingly, I respectfully recommend that this action be dismissed with prejudice for failure to prosecute.

## IV. CONCLUSION

For the reasons set forth above, I conclude – and respectfully recommend that Your Honor should conclude – that this case be **DISMISSED**.

Dated: July 6, 2016
      White Plains, New York

                Respectfully Submitted,

                Paul E. Davison, U.S.M.J.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Nelson Stephen Román, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

      Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

      Requests for extensions of time to file objections must be made to Judge Román.

A copy of the foregoing Report and Recommendation has been sent to the following:

Glynn Jones
30000 FM 2978 Rd.
Apt. 228
Magnolia, TX 77354-3817

Glynn Jones
30000 FM 2978 Rd.
Apt. 615
Magnolia, TX 77354