UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GLYNN JONES,

               Plaintiff,                      14-cv-2044 (NSR) (PED)

   -against-                               ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION
DR. JOSEPH AVANZATO, et al.,

               Defendant.
-----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

In March 2014, *pro se* Plaintiff, Glynn Jones ("Plaintiff"), commenced this action pursuant to 42 USC 1983, alleging the medical staff at the Fishkill Correctional Facility were deliberately indifferent to his medical needs. During the pendency of this action, Plaintiff submitted a series of change-of-address forms and participated in the litigation until July 2015 when he stopped communicating with the court and his adversary's counsel. Following multiple non-appearances by Plaintiff at court scheduled conferences, the Honorable Magistrate Judge Paul E. Davison ("MJ Davison"), issued an Order to Show Cause ("OSC"), dated April 25, 2016, why the instant action should not be dismissed due to Plaintiff's failure to prosecute. The OSC further indicated should Plaintiff fail to respond or demonstrate appropriate grounds for allowing the action to proceed, MJ Davison will recommend to the district court judge that the action be dismissed for failure to prosecute. By Order issued June 8, 206, MJ Davison extended Plaintiff's time to respond to the OSC until June 24, 2016.

Upon Plaintiff's failure to appear or respond to the OSC, MJ Davison issued a Report and Recommendation ("R&R"), dated July 6, 2016, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. Proc. 72(b), recommending that the action be dismissed. To date, Plaintiff has yet to object to the



Copies mailed/faxed 3/21/2017

Chambers of Nelson S. Román, U.S.D.J.

R&R. Upon a careful review of the procedural history of this action and the R&R, the Court adopts the R&R, and the complaint is deemed dismissed.

I. **STANDARDS OF REVIEW**

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

2

## II. DISCUSSION

Here, the R&R was issued on April 25, 2016, and the original deadline for filing any objections was on or about May 12, 2016. By Order of MJ Davison, Plaintiff was given approximately forty additional days. Since Petitioner failed to file any objections, the Court reviews MJ Davison's R&R for clear error and finds none. A review of the record reveals the Court made multiple efforts to communicate with Plaintiff and that Plaintiff failed to respond. The court's correspondence was forwarded to Plaintiff's last reported address(es). Similarly, Plaintiff did not respond to defense counsel's attempted communications. It is well settled that the court may *sua sponte* dismiss a case for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). In determining whether an action should be involuntarily dismissed for want of prosecution, the must consider: (1) the duration of plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. Fed. R. Civ. P. 41(b), 28 U.S.C.A.; *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001). Each of the relevant factors previously mentioned were considered by MJ Davison and all weighed in favor of dismiss. Plaintiff last participated in the litigation of this action more than eighteen (18) months ago. Moreover, it is the duty of all litigants, including *pro se* plaintiffs, to inform the Court and their adversary of any change of address. See, *Handlin v. Garvey*, 1996 WL 673823, at *5 (S.D.N.Y.). As determined by MJ

3

Davison, "Plaintiff has failed to comply with this obligation and indeed appears to have abandoned this action." R&R, p. 5.

### III. CONCLUSION

For these reasons, the Court adopts MJ Davison's R&R in its entirety. The action is dismissed in its entirety for lack of prosecution. The Clerk of Court is directed to close this case accordingly.

As Plaintiff has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: March 21, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

4